UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY HELSINGER,

                Plaintiff,

                                        Case No. 20-cv-1015-pp

        v.

ANDREW SAUL,

                Defendant.

## ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 6)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. The court ordered the plaintiff to file an amended motion to proceed without prepaying the filing fee, dkt. no. 5, and the plaintiff filed his amended motion the same day, dkt. no. 6.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. Just as in the original motion to proceed without prepaying the filing fee, dkt. no. 3, the plaintiff indicates that he is not employed, he is not married, and he has a 17-year-old son he is

1

responsible for supporting. Dkt. No. 6 at 1. The plaintiff lists no income, no expenses, he does not own a car or his home or any other property of value, and he has no cash on hand or in a checking or savings account. Id. at 2-4. The only change in the amended motion is a note stating the plaintiff "stays with mom and friends. Receives food-stamps to pay for food." Id. at 4. The court notes that the plaintiff and his counsel should have listed the dollar amount of food stamps the plaintiff receives under "Source of Income" on page 2 of the request form. Despite this omission, the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied benefits by the Commissioner of Social Security, that he is disabled, and that the conclusions of fact and findings of law by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1. At this early stage in the case, and based on the information in the

2

plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 10th day of July, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3